Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
Jie Weng, and San Dang Wang,
individually and on behalf of all other employees
similarly situated,

                              Civil Action No. 19-cv-09596

                Plaintiffs,
   v.                            **SECOND AMENDED COMPLAINT**

New Shanghai Deluxe Corp,
Yu Lin Zhu
Mei Fang Wu,
Rong Yang Zhu,
Yeah Shanghai Deluxe Inc
Wei Chen
Yu Jun Zhu, and
Rong Bing Zhu

                Defendants.
---------------------------------------------------------------x

Plaintiff, Jie Weng and San Dang Wang, by their undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against the defendants New Shanghai Deluxe Corp, Yu Lin Zhu Mei Fang Wu, Rong Yang Zhu, Yeah Shanghai Deluxe Inc Wei Che, Yu Jun Zhu, and Rong Bing Zhu (hereinafter, collectively, "Defendants") to recover damages, he is: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all or

less compensation then required by minimum wage law; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29 U.S.C. §§201 et seq.) and NYLL (New York Labor Law §§ 650 et seq. and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

2. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

3. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

5. Plaintiff Jie Weng ("WENG") is an individual resident of the City and State of New York, with a residence located in New York.

6. Plaintiff San Dang Wang ("WANG") is an individual resident of the City and State of New York, with a residence located in New York.

7. Upon information and belief Defendant New Shanghai Deluxe Corp ("NEW SHANGHAI") is a domestic corporation located at 50 Mott Street, New York, New York, 10013.

8. At relevant times, defendant NEW SHANGHAI has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, defendant NEW SHANGHAI has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at relevant times herein, defendant NEW SHANGHAI has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at relevant times, defendant NEW SHANGHAI has constituted an "enterprise" as defined in the FLSA.

12. Upon information and belief defendant NEW SHANGHAI was an employer of Plaintiff.

13. Upon information and belief Defendant Yeah Shanghai Deluxe Inc ("YEAH SHANGHAI") was a domestic corporation located at 50 Mott Street, New York, New York, 10013.

14. At relevant times, defendant YEAH SHANGHAI has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At all relevant times, defendant YEAH SHANGHAI has had gross revenues in excess of $500,000.00.

16. Upon information and belief, at relevant times herein, defendant YEAH SHANGHAI has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

17. Upon information and belief, at relevant times, defendant YEAH SHANGHAI has constituted an "enterprise" as defined in the FLSA.

18. Upon information and belief defendant YEAH SHANGHAI was an employer of Plaintiff.

19. Upon information and belief defendant NEW SHANGHAI is a continuation and/or successor of YEAH SHANGHAI.

20. Upon information and belief the assets, employees, location, equipment, and business of YEAH SHANGHAI were transferred NEW SHANGHAI.

21. Upon information and belief, the transfer from YEAH SHANGHAI to NEW SHANGHAI was for zero consideration.

22. Upon information and belief, the business of YEAH SHANGHAI to NEW SHANGHAI were the same, and produced the same products.

23. Upon information and belief, the transfer from YEAH SHANGHAI to NEW SHANGHAI was entirely fraudulent and/or to escape obligations.

24. Upon information and belief Defendant Yu Lin Zhu ("YU LIN") is an individual who is an owner or part owner, manager, and principal of defendant NEW SHANGHAI and YEAH SHANGHAI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

25. Upon information and belief, defendant YU LIN was involved in the day-to-day operations of defendant NEW SHANGHAI and YEAH SHANGHAI and played an active role in managing the business.

26. Upon information and belief Defendant Mei Fang Wu ("MEI") is an individual who is an owner or part owner, manager, and principal of defendant NEW SHANGHAI and YEAH SHANGHAI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

27. Upon information and belief MEI is the wife of YU LIN.

28. Upon information and belief, defendant MEI was involved in the day-to-day operations of defendant NEW SHANGHAI and YEAH SHANGHAI and played an active role in managing the business.

29. Upon information and belief Defendant Yu Jun Zhu ("YU JUN") is an individual who is an owner or part owner, manager, and principal of defendant YEAH SHANGHAI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

30. Upon information and belief YU JUN is the brother of YU LIN.

31. Upon information and belief, defendant YU JUN was involved in the day-to-day operations of defendant YEAH SHANGHAI and played an active role in managing the business.

32. Upon information and belief YU LIN testified under oath that YU JIN paid employees of YEAH SHANGHAI.

33. Upon information and belief YU LIN testified under oath that YU JIN directed employees to perform tasks at YEAH SHANGHAI.

34. Upon information and belief YU LIN testified under oath that YU JIN hired employees of YEAH SHANGHAI

35. Upon information and belief Defendant Rong Yang Zhu ("RONG YANG") is an individual who is an owner or part owner, manager, and principal of defendant NEW SHANGHAI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

36. Upon information and belief RONG YANG is the youngest son of YU LIN and MEI.

37. Upon information and belief, the YU JUN transferred the business of YEAH SHANGHAI to RONG YANG, YU JUN's nephew.

38. Upon information and belief this transfer was for zero consideration.

39. Upon information and belief the RONG YANG then transferred the business he received from YU JUN to YU LIN (RONG YANG's father).

40. Upon information this transfer was also for zero consideration.

41. Upon information and belief, defendant RONG YANG played an active role in managing the business of NEW SHANGHAI.

42. Upon information and belief Defendant Rong Bing Zhu ("RONG BING") is an individual who is an owner or part owner, manager, and principal of defendant NEW SHANGHAI and YEAH SHANGHAI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

43. Upon information and belief RONG BING is the eldest son of YU LIN.

44. Upon information and belief, defendant RONG BING was involved in the day-to-day operations of defendant NEW SHANGHAI and YEAH SHANGHAI and played an active role in managing the business.

45. Upon information and belief Defendant Wei Chen ("WEI") is an individual who is/was an owner or part owner, manager, and principal of defendant YEAH SHANGHAI, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

46. Upon information and belief WEI is/was the business partner of YU LIN and/or YU JUN.

47. Upon information and belief, defendant WEI was involved in the day-to-day operations of defendant YEAH SHANGHAI and played an active role in managing the business.

48. Defendants are employers within the meaning of the FLSA and New York Labor Law.

49. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## STATEMENT OF FACTS

50. Defendant YEAH SHANGHAI is a restaurant.

51. Defendant NEW SHANGHAI is a restaurant.

52. Defendant NEW SHANGHAI is the continuation and/or successor of YEAH SHANGHAI.

53. Defendant NEW SHANGHAI and YEAH SHANGHAI occupy the same premises, used the same employees, produce the same kind of product, and use the same equipment.

54. The transfer of assets from YEAH SHANGHAI to NEW SHANGHAI were done through several interfamily transfers, all for no consideration.

55. Plaintiff WENG was employed primarily as an assistant to the chef at the restaurant, and whose primary tasks consisted of preparing food and vegetables for the chef to use to cook the dishes served at the restaurant.

56. Plaintiff WANG was employed primarily as an assistant to the chef at the restaurant, and whose primary tasks consisted of preparing deserts and meat buns/dumplings for use at the restaurant.

57. Plaintiffs work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities

**WENG**

58. Plaintiff WENG was employed by Defendants from approximately August 28, 2010, to October 2, 2019.

59. There was a gap in employment of approximately 3 months around the end of 2017/beginning of 2018, while the restaurant was under renovations by the landlord.

60. Plaintiff WENG was normally scheduled to work Sunday, Monday, Wednesday, and Thursday, from 1:00pm to 12am, and Friday and Saturdays from 12:00 pm to 12:00am, with no breaks.

61. Plaintiff WENG was paid twice per month, once on or around the 15th of each month and once at the end of the month, for a total of $2400 -$2,800 per month, regardless of the hours worked.

62. The base salary was consistent and stayed the same each month, however during the course of WENG's over nine (9) years of employment for Defendants he got several raises which increased his salary from starting at $2,400 to $2,800 by the time he stopped working there.

63. Plaintiff WENG was paid in cash.

   **WANG**

64. Plaintiff WANG was employed by Defendants from approximately August 20, 2014, to October 25, 2019.

65. There was a gap in employment of approximately 3 months around the end of 2017/beginning of 2018, while the restaurant was under renovations by the landlord.

66. Plaintiff WANG was normally scheduled to work Sunday, Monday, Wednesday, and Thursday, from 1:00pm to 12am, and Friday and Saturdays from 12:00 pm to 12:00am, with no breaks.

67. On or about April 1, 2019 Plaintiff WANG's schedule changed to Sunday, Tuesday, Wednesday, Thursday, Friday, and Saturday from 10:30am to 9:30pm, with no breaks. This remained Plaintiff Wang's schedule until the end of her employment.

68. Plaintiff WANG was paid twice per month, once on or around the 15th of each month and once at the end of the month.

69. In 2014, Plaintiff WANG was paid $1,500 every month, regardless of the hours worked.

70. In 2015, Plaintiff WANG was paid $1,600 every month, regardless of the hours worked.

71. In 2016, Plaintiff WANG was paid $1,700 every month, regardless of the hours worked.

72. In 2017, Plaintiff WANG was paid $1,900 every month, regardless of the hours worked.

73. In 2018, Plaintiff WANG was paid $2,100 every month, regardless of the hours worked.

74. In 2019, Plaintiff WANG was paid $2,400 every month, regardless of the hours worked.

75. Plaintiff WANG was paid in cash.

76. Defendants did not pay either Plaintiff minimum wage, overtime compensation, and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

77. Defendants' failure to pay Plaintiffs an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

78. In addition, Defendants failed to pay either Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

79. Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

80. Defendants did not provide either Plaintiff with proper wage stubs of hiring statements as required by law.

81. Defendants failed to provide Plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

82. Defendants failed to provide either Plaintiff with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

83. Upon information and belief, while Defendants employed Plaintiffs, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

84. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

85. At all relevant times, defendants employed Plaintiffs within the meaning of the FLSA.

86. Defendants failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

87. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

88. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

89. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

90. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

91. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

92. Defendants willfully violated Plaintiffs' rights by failing to pay their compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

93. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

94. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

95. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

96. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

97. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs for hours they worked in excess of forty hours per workweek.

98. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

99. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

100. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

101. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

102. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

103. Defendants willfully violated Plaintiffs' rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

104. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

105. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## COUNT V

**(New York Labor Law – Spread of Hours)**

106. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

107. At all relevant times, Plaintiff were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

108. Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

109. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

110. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

**(New York Labor Law – Wage Theft Prevention Act)**

111. Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

112. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

113. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

114. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

115. Due to Defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiffs are entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

116. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and post judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
May 15, 2021

Respectfully submitted,

/s/Vincent S. Wong
Vincent S. Wong, Esq. (VW9016)