UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIE WENG *and* SAN DANG WANG, *individually and on behalf of all other employees similarly situated*,

                  Plaintiffs,

– against –

NEW SHANGHAI DELUXE CORP, YU LIN ZHU, MEI FANG WU, RONG YANG ZHU, YEAH SHANGHAI DELUXE INC, WEI CHEN, YU JUN ZHU, *and* RONG BING ZHU,

                  Defendants.

**OPINION & ORDER**

19-cv-9596 (ER)

RAMOS, D.J.:

    Jie Weng and San Dang Wang ("Plaintiffs") brought this action against their former employers New Shanghai Deluxe Corp, Yeah Shanghai Deluxe Inc, Yu Lin Zhu, Mei Fang Wu, Rong Bing Zhu, Rong Yang Zhu, Yu Jun Zhu, and Wei Chen (collectively, "Defendants"), alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"). *See* Doc. 21.

    A one-day bench trial was held on September 7, 2022, at which time defense counsel represented that Defendants did not dispute Plaintiffs' allegations that they neither paid minimum wage, overtime, or spread of hours compensation, nor did they provide wage notices and wage statements. Defense counsel further conceded that Defendants did not keep any records on the hours Plaintiffs worked or the pay they received, and also conceded that Plaintiffs worked six days a week and in excess of 60 hours weekly. The *only* issue in dispute was whether Rong Yang Zhu was an employer.

The Court issued an opinion on October 7, 2022, concluding that Rong Yang Zhu was a joint employer under the FLSA and the NYLL.  Doc. 52.

Plaintiffs' counsel now seeks attorneys' fees of $70,092.50 and costs of $2,960.30.  Doc. 56; Doc. 58 ¶¶ 5, 10.  Defendants filed no opposition to the motion.  For the reasons set forth below, the motion is GRANTED.

## I. LEGAL STANDARD

Under both the FLSA and the NYLL, a prevailing plaintiff may recover reasonable attorney fees and costs.  29 U.S.C. § 216(b); NYLL §§ 198, 663(1); *see also, e.g., Rodriguez v. New Generation Hardware Store Corp.*, No. 22-cv-4422 (LJL), 2023 U.S. Dist. LEXIS 18744, at *11 (S.D.N.Y. Feb. 3, 2023).

In determining the amount of attorney fees to be awarded, "a court must calculate the 'presumptively reasonable fee.'"  *Vasquez v. NS Luxury Limousine Serv. Ltd.*, No. 18-cv- 10219 (AJN), 2022 WL 377378, at *1 (S.D.N.Y. Feb. 8, 2022) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  That figure is generally calculated "by multiplying 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'"  *Id.* (omission in original) (quoting *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015)).  There are also "other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained."  *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  A district court has "considerable discretion in determining what constitutes reasonable attorney's fees in a given case."  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

## II. DISCUSSION

### A. Reasonable Rate

The Court first examines whether counsel's hourly rates are reasonable.  *Vasquez*, 2022 WL 377378, at *2.  "The reasonable hourly rate is the rate a paying client would be

willing to pay." *Arbor Hill*, 522 F.3d at 190.  While Defendants filed no opposition to the request for attorneys' fees, "this Court may nevertheless exercise its discretion to review the appropriateness of those rates." *Sanchez v. I&A Rest. Corp.*, No. 14-cv-726 (DF), 2017 WL 2537814, at *4 (S.D.N.Y. May 22, 2017).

Counsel for Plaintiffs asserts that three attorneys from the Law Offices of Vincent S. Wong performed billable work on this case:  Vincent Wong, whose proposed rate is $450 per hour; Michael Brand, whose proposed rate is $350 per hour; and Eugene Kroner, whose proposed rate is $325 per hour.  Doc. 57 at 5; Doc. 58 ¶¶ 6–18.  Wong is the firm's named partner and has been practicing law since 1996.  Doc. 58 ¶ 12.  Brand has been practicing since 2009 and is the firm's most senior attorney.  *Id.* ¶¶ 14, 16.  Kroner has been practicing since 2013.  *Id.* ¶ 17.  A paralegal, Joe Chen, also worked on the case, and his proposed rate is $150 per hour.  *Id.* ¶¶ 6, 19–23.

For experienced litigators in these types of cases, courts in this District generally consider hourly rates of between $250 to $450 to be reasonable.  *Guang Ping Zhu v. Salaam Bombay, Inc.*, No. 16-cv-4091 (JPO), 2019 U.S. Dist. LEXIS 450, at *4–6 (S.D.N.Y. Jan. 2, 2019); *see also Hernandez v. JRPAC Inc.*, No. 14-cv-4176 (PAE), 2017 WL 66325, at *3 (S.D.N.Y. Jan. 6, 2017) (noting partners typically receive $400/hour and senior associates receive $300/hour).  In some cases, however, courts in this Circuit have found even an hourly rate of $500 to be reasonable for attorneys with over two decades' experience.  *Acevedo v. E&M Logistics Staffing Inc.*, No. 23-cv-4460 (JMF), 2023 U.S. Dist. LEXIS 215528, at *3 (S.D.N.Y. Dec. 4, 2023) (collecting cases).  And, for paralegals, courts in this District generally consider hourly rates of between $100 to $150 to be reasonable.  *Guang Ping Zhu*, 2019 U.S. Dist. LEXIS 450, at *5.  Accordingly, one court approved an hourly rate of $350 for Wong, $275 for Kroner, and $125 for Chen. *Guang Ping Zhu*, 2019 U.S. Dist. LEXIS 450, at *5–6.  And another court approved an hourly rate of $350 for Brand.  *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17-cv-04661 (MKV) (VF), 2022 U.S. Dist. LEXIS 221707, at *6 (S.D.N.Y. Dec. 8, 2022).

The Court will approve Wong's requested hourly rate of $450, as that falls squarely within the range of rates courts in this District have found to be reasonable. *See Acevedo*, 2023 U.S. Dist. LEXIS 215528, at *3; *Guang Ping Zhu*, 2019 U.S. Dist. LEXIS 450, at *5–6. The Court will also approve Brand's request for a $350 hourly rate. *See Jian Wu*, 2022 U.S. Dist. LEXIS 221707, at *6. But the Court will reduce Kroner's hourly rate to $300, as he submits no authority in which a court has found a higher rate reasonable for him or a similarly experienced attorney. *See Guang Ping Zhu*, 2019 U.S. Dist. LEXIS 450, at *5–6; *Hernandez.*, 2017 WL 66325, at *3. Likewise, the Court will reduce Chen's hourly rate to $125. *See Guang Ping Zhu*, 2019 U.S. Dist. LEXIS 450, at *5–6; *see also Najera v. Kurtishi*, No. 21-cv-01309 (ER), 2024 U.S. Dist. LEXIS 8537, at *6 (S.D.N.Y. Jan. 17, 2024) (collecting cases in which a $125 hourly rate was found reasonable for paralegals).

### B. Reasonable Hours

The Court next considers whether the number of hours billed is reasonable. *Vasquez*, 2022 WL 377378, at *2. "A court has broad discretion to 'trim the fat' in an application for attorneys' fees, and to eliminate excessive or duplicative hours." *Id.* (quoting *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-cv-871 (VVP), 2016 WL 6311868, at *3 (E.D.N.Y. Oct. 28, 2016)). Again, although Defendants filed no opposition, the Court will exercise its discretion to review the proposed hours. *See Sanchez*, 2017 WL 2537814, at *4.

Counsel for Plaintiffs has submitted time records for the attorneys and paralegals mentioned above. Doc. 58-1. Counsel requests compensation for 191.6 total hours of billed time. *Id*. The Court finds that total to be reasonable given that this matter proceeded to a one-day bench trial on one trial. And while the bulk of the case settled on the eve of trial, Plaintiffs' counsel was nonetheless required to prepare for a trial on numerous potentially disputed issues. *See, e.g.*, *Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 666 (S.D.N.Y. 2022) (finding 126.35 total hours of work to be reasonable

in wage-and-hour case involving one-day bench trial), *R&R adopted*, No. 16-cv-3552 (PGG), 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022); *Guo v. Tommy's Sushi, Inc.*, No. 14-cv-3964 (PAE), 2016 WL 452319, at *7 (S.D.N.Y. Feb. 5, 2016) (concluding that reduced total of 197.39 hours was reasonable in wage-and-hour case involving one-day bench trial). The Court thus concludes that the number of hours billed is reasonable.

### C. Degree of Success

The degree of success achieved by the plaintiff is "'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case." *Barfield*, 537 F.3d at 152 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). This assessment "is not limited to inquiring whether a plaintiff prevailed on individual claims." *Id.* Instead, the court must evaluate both "'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in her complaint." *Id.* (quoting *Carroll v. Blinken*, 105 F.3d 79, 81 (2d Cir. 1997)).

Here, Plaintiffs succeeded on the entirety of their claims. Doc. 52. Accordingly, the Court will not decrease the attorneys' fees awards.

### D. Calculation of the Proper Fee Award

Based on the reduction in hourly rates for Kroner and Chen, the appropriate award of attorneys' fees is as follows:

- 50.8 hours billed by Wong at $450/hr = $22,860
- 130.3 hours billed by Brand at $350/hr = $45,605
- 0.3 hours billed by Kroner at $300/hr = $90
- 10.2 hours billed by Chen at $125/hr = $1,275

The total award is thus $69,830.

### E. Costs

Counsel for Plaintiffs also requests reimbursement of $2,960.30 in costs. Doc. 57 at 6. These are costs associated with court filings, service of process, translation services, and deposition costs. Doc. 58 ¶¶ 7–10; Doc. 58-2. The Court finds that these costs are

sufficiently documented and are recoverable. *See, e.g., Sanchez*, 2017 WL 2537814, at *7 (awarding costs for filing, service, transcript, and interpreter fees); *Marquez v. Erenler, Inc.*, No. 12–cv–8580 (GHW), 2014 WL 5847441, at *4 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition, and interpreter expenses).

### III.  CONCLUSION

For the foregoing reasons, the motion for attorney fees is GRANTED. Counsel for Plaintiffs is entitled to $69,830 in attorney fees and $2,960.30 in costs, for a total of $72,790.30.

The Court also notes that the parties agreed to damages calculations, before attorneys' fees and costs, of $609,075.65 for Jie Weng and $452,305.18 for San Dang Wang. Doc. 53. The Court authorizes entry of judgment for damages in those amounts.

The Clerk of Court is respectfully directed to terminate the motion (Doc. 56) and close the case.

It is SO ORDERED.

Dated:   March 13, 2024
         New York, New York

                                                            _____
                                                            EDGARDO RAMOS, U.S.D.J.